145 So.2d 668 (1962)
Succession of Lawson J. BATTISTE.
No. 785.
Court of Appeal of Louisiana, Fourth Circuit.
September 17, 1962.
Rehearing Denied October 29, 1962.
Certiorari Denied January 3, 1963.
Robert F. Collins and Niles R. Douglas, New Orleans, for defendant-appellant.
Coe, Nowalsky & Lambert, Harry Nowalsky, New Orleans, for plaintiffs-appellees.
Before FRUGE, MENUET and ELLIS, JJ.
J. CLEVELAND FRUGE, Judge.
This is a succession proceeding in which collateral relations of the testator seek to have set aside the probate of a statutory testament confected in accordance with LSA-R.S. 9:2442. In the contested will, decedent attempted to give defendant, Mrs. Jennie Jones, full ownership of a certain piece of real property located at 2226 St. Philip Street, and the usufruct of the ground floor of property located at 2119 Orleans Avenue, in the city of New Orleans; decedent also attempted to make defendant his universal legatee. The lower court set aside those dispositions of the will which gave immovables to the defendant, on the ground that she lived in open concubinage with the decedent, contrary to the provisions of Article 1481 of the LSA-Civil Code. However, the court allowed defendant one-tenth of decedent's movables. The defendant has appealed.
Decedent met Jennie Jones in Florida while he was in the United States Army during World War II. Her husband having died in the war, Mrs. Jones came with decedent on his return to New Orleans after his discharge. On their arrival in December of 1945, the couple stayed in the home of decedent's sister and brother-in-law. After approximately two years, they moved into their own apartment at 3868 Gibson Street. There is no doubt in the Court's mind that decedent and defendant lived together in a state of concubinage for the remainder of decedent's lifetime. Evidence was introduced to show that defendant failed to marry decedent in order not to forfeit a pension from the Federal government which she received because of her *669 husband's death. Moreover, there was an abundance of testimony to the fact that defendant shared the same room with decedent, and she was seen in bed with him on several occasions. Thus, the only question for this Court to decide is whether the concubinage was open.
Article 1481 of the LSA-Civil Code provides that persons living together in open concubinage are incapable of taking immovables from each other by donations inter vivos or mortis causa, and may take only one-tenth of the other's movable property. The purpose of this provision is to protect the moral fabric of society against those who would brazenly flout its standards. Hence, it is only open concubinage which is proscribed and not that which is hidden and secretive. Succession of Moore, 232 La. 556, 94 So.2d 666 (1957).
In the present case the trial judge did not elaborate in his reasons for judgment on the specific facts which led to his conclusion that the concubinage existing between defendant and decedent was open. However, there is some evidence in the record which could lead to this conclusion. For example, decedent did not hide his illicit relationship from his sisters and other close relatives. Defendant operated a beauty parlor and displayed her beauty operator's license under the name of Jennie Jones. The evidence indicates that Jennie Jones registered in the hospital and signed rent receipts in her own name. Moreover, it also appears that decedent represented himself as unmarried on his income tax returns.
On the other hand, there is also ample evidence in the record to show that the concubinage was not open. Counsel for defendant introduced a series of fifteen witnesses, all of whom were neighbors, business associates or acquaintances of decedent and defendant. Each of these witnesses testified that he knew the couple as man and wife, and that they were so known generally in the community. Moreover, the couple signed a lease with the New Orleans Housing Authority as man and wife, and an insurance policy was introduced into evidence in which the beneficiary was listed as "Jennie Battiste-Wife".
Since the question of the openness of concubinage is one of fact, great weight must be given to the findings and conclusions of the trial judge, who had the opportunity to see the witnesses and evaluate their testimony. The evidence introduced at the trial was sharply conflicting, with each fact favoring one conclusion being contradicted by evidence equally favorable to the opposite conclusion. Under such circumstances, we cannot hold that the findings and decision of the trial court were manifestly erroneous. See Succession of Moore, 232 La. 556, 94 So.2d 666 (1957).
For the foregoing reasons, the judgment of the lower court is affirmed.
Affirmed.