359 So.2d 328 (1978)
Donely Glasscock MILLER et al.
v.
Leon Nick LaFRANCE.
Mrs. Patricia GLASSCO
v.
Leon Nick LaFRANCE.
Nos. 9289, 9290.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1978.
Rehearings Denied June 14, 1978.
James H. Minge, Minge & Batiza, New Orleans, for plaintiffs-appellees.
A. S. Cain, Jr., New Orleans, for defendant-appellant.
Before REDMANN, GARSAUD and DeSONIER, JJ.
DeSONIER, Judge.
Herein defendant-appellant appeals from the trial court's judgment which, inter alia, annulled mortis causa donations of immovable property made by decedent/testatrix to appellant.
After a judgment of possession was rendered by the trial court recognizing appellant as the universal legatee of the decedent's estate, plaintiff-appellee (widow of decedent's brother) and plaintiffs-appellees (grandchild and children of decedent's deceased brother) sued to have all of the decedent's donations mortis causa and donations inter vivos (exceeding one-tenth of the value of decedent's estate) to appellant declared null.
The record shows that decedent did not have a spouse or descendents at her death. Decedent wrote a last will and testament in olographic form leaving all of her estate to appellant.
The appellant stated in his answers to interrogatories propounded to him by appellee *329 (decedent's sister-in-law) that he has resided with decedent from 1954 until decedent's death in 1974. Appellant testified at trial that he had represented decedent as his wife:
(1) at three different hospitals;
(2) to his neighbors, the Nelsons; and
(3) on his application to become a registered voter.
Decedent's niece (appellee, Macil) testified:
(1) that "she never gave it a thought" whether decedent and appellant were married; and
(2) decedent referred to appellant as "Uncle Nicky."
Appellee (decedent's sister-in-law) testified that decedent referred to appellant as appellee's "brother-in-law."
A sheriff testified that decedent's last name on her driver's license was the same as appellant's.
A neighbor of appellant and decedent testified that appellant referred to the decedent as Mrs., himself, and when he addressed her as such, she did not correct him. The neighbor testified that he imagined the neighborhood assumed decedent and defendant were married. Another neighbor testified that he assumed decedent was appellant's wife.
Counsel for appellees introduced numerous exhibits which indicate decedent often used appellant's last name as if it were her own. However, one exhibit shows that decedent listed herself as "single" on her income tax returns.
The issue on appeal is whether the trial court's finding that appellant and decedent living in open concubinage was error. Louisiana Civil Code Article 1481 provides:
"Those who have lived together in open concubinage are respectively incapable of making to each other, whether inter vivos or mortis causa, any donation of immovables; and if they make a donation of movables, it can not exceed one-tenth part of the whole value of their estate.
Those who afterwards marry are excepted from this rule." LSA-C.C. Art. 1481.
Appellant contends on appeal that he did not live in open concubinage with decedent. We agree.
The appellees introduced no evidence that the public was aware that decedent and appellant were living in concubinage. Appellant and decedent cloaked their illicit relationship under the guise of marriage. See Succession of Lannes, 187 La. 17, 174 So. 94 (1936); Succession of Battiste, La. App., 145 So.2d 668. For this reason, LSA-C.C. Art. 1481 is inapposite under the facts of this case.
Accordingly, we reverse the trial court's judgment, and hold that the decedent's donations mortis causa and inter vivos to appellant are not void.
Appellees are cast for the costs of appeal.
REVERSED.